

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2010

# USA v. Rexford Hosang

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4319

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Rexford Hosang" (2010). *2010 Decisions.* Paper 1025.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1025

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4319

UNITED STATES OF AMERICA

v.

REXFORD LENUAL HOSANG,
Appellant

(D.C. Crim. No. 09-cr-00281-001)

No. 09-4378

UNITED STATES OF AMERICA

v.

MANUEL LOPEZ-CORTEZ,
Appellant

(D.C. Crim. No. 09-cr-00509-001)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
District Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2010

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges

OPINION

BARRY, Circuit Judge

Appellants Rexford Lenual Hosang and Manuel Lopez-Cortez appeal their 46-month sentences.[1]  We will affirm.

I.

Hosang

In 2003, after a state court drug conviction that led to a sentence of more than 13 months, Hosang was deported.  In 2008, he illegally re-entered the United States to be with his ailing wife.  Thereafter, he was charged with and pled guilty to illegally re-entering the United States subsequent to a conviction for the commission of an aggravated felony, 8 U.S.C. § 1326(a) & (b).  His Guidelines range was 46 to 57 months imprisonment, and the District Court sentenced him to 46 months imprisonment.

Lopez-Cortez

In 1988, after being sentenced to one year imprisonment for attempted robbery and attempted bail jumping, Lopez-Cortez was deported.  He illegally re-entered the United States.  Like Hosang, he was charged with and pled guilty to illegally re-entering the

---

[1] Although Hosang and Lopez-Cortez were not co-defendants, we granted the government's uncontested motion to consolidate these appeals.

United States subsequent to a conviction for the commission of an aggravated felony, 8 U.S.C. § 1326(a) & (b). His Guidelines range was also 46 to 57 months imprisonment, and he too was sentenced to 46 months imprisonment.

On appeal, appellants both argue: (1) that the District Court misapprehended its authority to categorically vary from the illegal re-entry Guideline based solely on a policy disagreement; and (2) that their Fifth and Sixth Amendment rights were violated when their maximum sentence exposure was increased based on a prior conviction that was neither admitted nor proven to a jury beyond a reasonable doubt. [2]

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the sentences imposed for reasonableness and will not reverse absent an abuse of discretion. *See United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

Pursuant to U.S.S.G. § 2L1.2, a defendant convicted of unlawfully entering the United States has a base offense level of 8. Where, as in Hosang's circumstances, a defendant was deported after "a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months," U.S.S.G. § 2L1.2(b)(1)(A)(i), and where, as in Lopez-Cortez's circumstances, a defendant was deported after "a conviction for a felony that is . . . a crime of violence," U.S.S.G. §

_____

[2] Both appellants concede that Supreme Court precedent forecloses this argument. We agree.

−3−

2L1.2(b)(1)(A)(ii) & cmt. 1(B)(iii), 5, the offense level is increased by 16 levels.

Appellants argue that the District Court erred by misapprehending its authority to vary from the application of § 2L1.2 based on the fact that the Guidelines range, when applied to them, produced excessive sentences. We recently rejected this very argument in *United States v. Lopez-Reyes*, 589 F.3d 667 (3d Cir. 2009). There, we held that a district court is not required to reject a particular Guidelines range where the court does not disagree with the Guideline at issue. *Id.* at 671. Moreover, a district court is also "not required to engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline." *Id.*

In separately sentencing both defendants on the same day, the District Court provided both defendants with a full opportunity to extensively argue why § 2L1.2 was unreasonable, both in general and as applied. In both cases, the Court noted that § 2L1.2 was a harsh enhancement, but also noted that it found instructive the fact that the Sentencing Commission has not revisited § 2L1.2 despite commentary from courts and others criticizing the Guideline. There was no abuse of discretion here. *See Lopez-Reyes*, 589 F.3d at 671.

III.

The judgments of sentence will be affirmed.